IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C. WANG,<br><br>           Plaintiff,<br><br>   v.<br><br>COUNTY OF SANTA CLARA,<br><br>           Defendant.<br>                                                          / | No. C 07-00308 SI<br><br>**ORDER DENYING REQUEST FOR "EMERGENCY INJUNCTION," DISMISSING COMPLAINT WITHOUT PREJUDICE AND DEFERRING IN FORMA PAUPERIS APPLICATION** |

Plaintiff filed a complaint on January 17, 2007, and filed a request for an "emergency injunction"[1] on February 7, 2007. Plaintiff's complaint relates to the District Attorney of Santa Clara County's failure to conduct a balanced investigation in domestic violence cases, resulting in an unspecified wrongful conviction and unspecified harm to plaintiff and his family. Compl. at 1-2. In the "emergency injunction," plaintiff appears to challenge a probation report notifying him of a violation for failing to sign up for or attend domestic violence classes. Emergency Injunction at 2-4. Plaintiff seeks an injunction preventing the state from proceeding with his probation violation hearing[2] and postponing domestic violence classes and restitution payments until the civil case is over. *Id*. In addition, plaintiff asks the Court to alter the frequency and method of his mandated communications with his probation officer. *Id.* Plaintiff also filed an application to proceed *in forma pauperis*.

---

[1] The Court construes plaintiff's "emergency injunction" as a request for a temporary restraining order or preliminary injunction.

[2] The probation hearing is set for February 15, 2007. Emergency Injunction, Ex. B.

## DISCUSSION

### I. Plaintiff's Complaint

As an initial matter, plaintiff's complaint runs afoul of the Federal Rules of Civil Procedure, Rule 8(a), which requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8(e) of the Federal Rules of Civil Procedure further requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The requirements of Rule 8 ensure that a defendant will be able to respond to the allegations against him or her. *See Edwards v. N. Am. Rockwell Corp.*, 291 F. Supp. 199, 211 (C.D. Cal. 1968) (stating that "Rule 8(a)(2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable defendants to determine the basis of plaintiff's claim and to formulate a responsive pleading").

As written, the Court cannot decipher the matter at the heart of plaintiff's complaint. It appears that plaintiff alleges that he has been wrongfully convicted of domestic violence by the district attorney. In addition, plaintiff mentions a case currently pending in the California Court of Appeal, Sixth District, that he implies may affect this action. However, plaintiff does not identify the case in question, nor how the case may impact this proceeding.

If plaintiff does in fact seek to hold the district attorney liable for wrongful prosecution, plaintiff should be aware that district attorneys are generally immune from such suits. The Supreme Court has held that a prosecutor is immune from suit for damages under 42 U.S.C. § 1983 for acts within their prosecutorial duties which result in allegedly unlawful arrests or imprisonments. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors enjoy absolute immunity from suits or damages under § 1983 where the activities in question are intimately associated with the judicial phase of the criminal process, and thus are functions to which the reasons for absolute immunity apply with full force); *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974) (holding that as long as a district attorney is acting within the performance of an integral part of his duties with respect to judicial process, he is immune from civil liability for those acts). State actors, including prosecutors, are granted absolute

immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. *See Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) ("only the specific function performed, and not the role or title of the official . . . is the touchstone of absolute immunity").

Another apparent defect with plaintiff's complaint is that it names the County of Santa Clara as defendant. The County is not a proper defendant in a prosecutorial misconduct case. *See Ceballos v. Garcetti*, 361 F.3d 1168, 1182 (9th. Cir 2004), *rev'd on other grounds*, *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006). Prosecutors have a dual nature: they are both law officers of the county and public prosecutors pursuant to state authority. *Id.* at 1182-83. Because the district attorney prosecutes pursuant to state authority, charges of prosecutorial misconduct must be brought against the State of California rather than the County of Santa Clara. *Id.* at 1183. However, a prosecutor acting subject to authority granted by the state is a state official, and "a state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment." *Id.* at n.11, *citing Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Thus, if a district attorney is acting pursuant to his official capacity as a state prosecutorial authority, both the district attorney and the state are granted sovereign immunity.

For the reasons outlined above, plaintiff's complaint as currently written does not appear to state a valid legal claim. Furthermore, it is too vague to give defendant fair notice of the claims against it.

## II.  Plaintiff's Request For An Emergency Injunction

Requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. *See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925

1   (9th Cir. 2003).  Under either test, plaintiff must demonstrate that there exists a significant threat of
2   irreparable injury.  *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376
3   (9th Cir. 1985).

4     Plaintiff's request for an emergency injunction is deficient because prosecutors and probation
5   officers, acting in their role as state agents, are entitled to near total immunity from suits seeking
6   damages.  *See Imbler*, 424 U.S. at 431; *Sykes*, 497 F.2d at 200; *Demoran v. Witt*, 781 F.2d 155, 156-58
7   (9th Cir. 1985) (probation officers have absolute immunity for preparing sentencing reports for use by
8   state courts).  Plaintiff does not argue, and the Court does not see, any reason why principles of
9   immunity do not apply in this case.  Plaintiff has therefore failed to demonstrate a likelihood of success
10  on the merits, or even to raise serious questions, and his application for injunctive relief must be denied.
11  *See Bernhardt*, 339 F.3d at 925.

12

13  **CONCLUSION**

14    Plaintiff's request for an "emergency injunction" is DENIED. (Docket No. 4). Plaintiff's
15  Complaint is DISMISSED with leave to amend. (Docket No. 1).  If plaintiff chooses to file an amended
16  complaint, plaintiff must clarify the allegations to ensure that they comply with Federal Rule of Civil
17  Procedure 8(a), as discussed above.  In addition, plaintiff will need to allege grounds other than wrongful
18  prosecution or wrongful actions by the probation officer because, as explained above, prosecutors and
19  probation officers acting within their capacity as state officers are granted total immunity from suit for
20  actions taken within the scope of that capacity.  Should plaintiff wish to file an amended complaint, he
21  must do so **on or before February 28, 2007**.  If plaintiff fails to file an amended complaint by that date,
22  the matter will be dismissed with prejudice.  Consideration of plaintiff's application to proceed *in forma*
23  *pauperis* will be deferred until an amended complaint is filed.

24    **IT IS SO ORDERED.**

25

26  Dated: February 14, 2007

                SUSAN ILLSTON
27                   United States District Judge

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court