decision to grant, deny or revoke parole.")

If plaintiff wishes to challenge his criminal conviction, he may file a petition for writ of habeas corpus in federal court, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but not until he exhausts state judicial remedies, *Granberry v. Greer*, 481 U.S. 129, 134 (1987). To exhaust his state judicial remedies, he must present each of his claims to the California Supreme Court, for example in a direct appeal or by a state petition for writ of habeas corpus.

Because any action for damages must be dismissed under *Heck* and any challenge to the criminal conviction must be by way of direct appeal or a habeas petition, this action will be dismissed. This dismissal is without prejudice to plaintiff filing a civil action for damages concerning his conviction and trial but not unless and until his conviction has been set aside.

## CONCLUSION

Plaintiff's First Amended Complaint is DISMISSED without leave to amend. [Docket No. 14]. Because he cannot show any likelihood of success on the merits, his "Additional Temporary Injunctions" are also DENIED. [Docket Nos. 15, 16, 17, 18]. Plaintiff's application to proceed *in forma pauperis* is DENIED. [Docket No. 3]. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 15, 2007

SUSAN ILLSTON
United States District Judge

4