**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C. WANG, | No. C 07-00308 SI |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT** |
| v. | |
| COUNTY OF SANTA CLARA, | |
| Defendant. | |

On February 14, 2007, the Court issued an order denying plaintiff's motion for an "emergency injunction," dismissing his complaint for failure to state a claim, and deferring ruling on plaintiff's application to proceed *in forma pauperis*. Plaintiff missed the deadline for filing an amended complaint, and the Court granted plaintiff an extension of time within which to file. Plaintiff has now filed a First Amended Complaint, in addition to several other documents describing his predicament.

Plaintiff's complaints apparently all relate to his conviction for domestic violence. In the various documents and complaints he has filed, plaintiff challenges the actions of his attorneys, the judge, the district attorney, and the probation officer involved in his case. Though not completely clear, it appears that since filing his initial complaint in this Court, plaintiff has been put in jail as a result of a probation violation. Furthermore, according to plaintiff, "[i]n November of 2006, an appeal on the initial D.V. conviction was filed on [his] behalf." First Amended Complaint at 1. For the following reasons, the Court DISMISSES plaintiff's complaint, without leave to amend.

Title 28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed *in forma pauperis* if the Court determines that the complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Though not wholly clear, plaintiff's complaint appears to allege that, as a result of his domestic violence conviction, his constitutional rights were violated. Title 42 U.S.C. § 1983 gives the federal courts jurisdiction to hear such a claim, if such a claim is validly stated. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, to the extent plaintiff seeks monetary damages, *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes plaintiff from obtaining damages at this time for alleged constitutional violations in connection with his criminal trial. In *Heck*, the Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The nub of plaintiff's present complaint is that for various reasons, his domestic violence conviction was invalid, and that this invalid conviction has led to a host of alleged problems for plaintiff, including his current incarceration. A decision in this case favorable to plaintiff would therefore imply that his conviction was invalid. Thus, even if plaintiff could avoid the immunity issues discussed below, his damages claim could not proceed because it is barred by *Heck*.

In addition to a challenge to a conviction or sentence, *Heck* also bars a challenge to the validity of the confinement resulting from a parole revocation hearing until the parole board's decision has been reversed, expunged, set aside or called into question. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole); *McGrew v. Texas Bd. of Pardons & Paroles*,

47 F.3d 158, 161 (5th Cir. 1995)(revocation of supervised release). *Heck* thus bars plaintiff's claims, to the extent they are based on alleged deficiencies in his parole revocation proceedings.

In addition to being barred by the *Heck* rule, plaintiff's claims are precluded by various immunities afforded to the defendants for their involvement in his conviction and incarceration.

To the extent he seeks to bring a claim against his attorneys, plaintiff's complaint fails to state a claim for relief under Section 1983 because one cannot sue his lawyer for ineffective assistance in a Section 1983 action. An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person must to be liable under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981).

Plaintiff's complaint also fails to state a claim for relief under Section 1983 to the extent that it is based on his claim that the district attorney engaged in misconduct. A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity from a Section 1983 action. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976) (prosecutor absolutely immune from liability for the knowing use of false testimony at trial).

To the extent that plaintiff alleges wrongdoing on the part of the judge, he fails to state a claim for relief under Section 1983 because a state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

Insofar as plaintiff's complaint is directed at the parole board officials for revoking his parole, his claims fail. State parole board officials have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. *Sellars v. Procunier*, 641 F.2d 1295, 1302-04 (9th Cir. 1981); *Anderson v. Boyd*, 714 F.2d 906, 908-09 (9th Cir. 1983) ("Quasijudicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties."); *cf. Swift v. Christian*, 384 F.3d 1184, 1186 (9th Cir. 2004) ("We hold that parole officers are not absolutely immune from suits arising from conduct distinct from the

3

decision to grant, deny or revoke parole.")

If plaintiff wishes to challenge his criminal conviction, he may file a petition for writ of habeas corpus in federal court, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but not until he exhausts state judicial remedies, *Granberry v. Greer*, 481 U.S. 129, 134 (1987). To exhaust his state judicial remedies, he must present each of his claims to the California Supreme Court, for example in a direct appeal or by a state petition for writ of habeas corpus.

Because any action for damages must be dismissed under *Heck* and any challenge to the criminal conviction must be by way of direct appeal or a habeas petition, this action will be dismissed. This dismissal is without prejudice to plaintiff filing a civil action for damages concerning his conviction and trial but not unless and until his conviction has been set aside.

## CONCLUSION

Plaintiff's First Amended Complaint is DISMISSED without leave to amend. [Docket No. 14]. Because he cannot show any likelihood of success on the merits, his "Additional Temporary Injunctions" are also DENIED. [Docket Nos. 15, 16, 17, 18]. Plaintiff's application to proceed *in forma pauperis* is DENIED. [Docket No. 3]. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 15, 2007

SUSAN ILLSTON
United States District Judge

4